

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-17-00505-CR & 04-17-00506-CR

Richard Anthony **GALINDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court Nos. 5792 & 5793
Honorable Bill R. Palmer, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: February 13, 2019

AFFIRMED

Richard Anthony Galindo was indicted for two offenses of possession of a controlled substance. After the trial court denied Galindo's motion to suppress, Galindo pled guilty to the offenses pursuant to the terms of a plea bargain agreement. On appeal, Galindo challenges the trial court's denial of his motion to suppress asserting: (1) the investigating officer lacked reasonable suspicion to conduct a traffic stop; (2) his vehicle was searched without probable cause or other lawful authority; and (3) the length of the traffic stop was unreasonable. We affirm the trial court's judgments.

## BACKGROUND

The following background is based on the findings of fact and conclusions of law the trial court entered in support of its order denying Galindo's motion to suppress.

Deputy Matt Johnson was conducting stationary traffic control. As Galindo's vehicle passed Deputy Johnson, "[i]t appeared to Deputy Johnson that [Galindo's] vehicle registration was expired." As a result, Deputy Johnson began to follow Galindo's vehicle to check the registration. After Galindo "jerk[ed] his car onto the improved shoulder without using a turn signal," Deputy Johnson conducted a traffic stop and approached Galindo's vehicle. After confirming Galindo's vehicle registration was expired, Deputy Johnson asked Galindo to exit his vehicle so Deputy Johnson could write Galindo a citation. Deputy Johnson proceeded to obtain information from Galindo necessary to write the citation and to run Galindo's information through dispatch.

Deputy Larry Drozd arrived at the scene of the traffic stop as Deputy Johnson's back-up. Deputy Drozd walked around Galindo's vehicle while Deputy Johnson was writing the traffic citation. Deputy Drozd looked inside Galindo's vehicle and observed marijuana inside the vehicle in plain view. Deputy Drozd informed Deputy Johnson of his observation while Deputy Johnson was still in the process of writing the traffic citation. Before Deputy Johnson finished issuing the traffic citation, he personally observed marijuana on the floorboard and front seats of the vehicle. After observing the marijuana, Deputy Johnson searched the vehicle and found controlled substances. Galindo was then arrested for possession of a controlled substance.

The trial court expressly found Deputy Johnson and Deputy Drozd were credible witnesses. The trial court concluded Deputy Johnson had probable cause to conduct the traffic stop and probable cause to search Galindo's vehicle based on his lawful observation of marijuana in plain view. The trial court also concluded Deputy Johnson did not prolong the traffic stop beyond the time reasonably required to complete the purpose of the stop.

**STANDARD OF REVIEW AND APPLICABLE LAW**

"We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). At a motion to suppress hearing, the trial court is the sole judge of credibility of the witnesses and the weight to be given to their testimony. *Id*. at 190. Therefore, we afford almost complete deference to the trial court's determination of the historical facts. *Id*. "However, we review *de novo* whether the facts are sufficient to give rise to reasonable suspicion in a case." *Id*. "Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaged in criminal activity." *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018) (internal quotation omitted).

"In the context of a traffic stop, police officers are justified in stopping a vehicle when the officers have reasonable suspicion to believe that a traffic violation has occurred." *Lerma*, 543 S.W.3d at 190. "A traffic stop made for the purpose of investigating a traffic violation must be reasonably related to that purpose and may not be prolonged beyond the time to complete the tasks associated with the traffic stop." *Id*. "During a traffic stop the officer may request certain information from a driver, such as the driver's license, vehicle registration, and proof of insurance, and run a computer check on that information." *Id*.

"[T]he seizure of property in plain view involves no invasion of privacy and is presumptively reasonable." *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). "[T]he 'plain view' doctrine requires only that: (1) law enforcement officials have a right to be where they are, and (2) it be immediately apparent that the item seized constitutes evidence, that is, there is probable cause to associate the item with criminal activity." *Id*. "In determining whether the officer had a right to be where he was, the Supreme Court requires that 'the officer did not violate

the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed.'" *Id*. (quoting *Horton v. California*, 496 U.S. 128, 136 (1990)).

"[T]he independent source doctrine provides that evidence derived from or obtained from a lawful source, separate and apart from any illegal conduct by law enforcement, is not subject to exclusion." *Wehrenberg v. State*, 416 S.W.3d 458, 465 (Tex. Crim. App. 2013). "Thus, in determining whether challenged evidence is admissible under the independent source doctrine, the central question is whether the evidence at issue was obtained by independent legal means." *Id*. (internal quotation omitted).

DISCUSSION

In his first issue, Galindo contends the trial court erred in denying his motion to suppress because the initial traffic stop was not supported by reasonable suspicion. The trial court, however, believed Deputy Johnson's testimony that Galindo's vehicle registration appeared to be expired when Galindo's vehicle passed Deputy Johnson's vehicle. *See Lerma*, 543 S.W.3d at 190 (noting trial court is sole judge of credibility of witnesses at a suppression hearing). During the hearing on Galindo's motion, the trial court asked Deputy Johnson if he "thought you saw it was expired?" Deputy Johnson responded, "Correct. And I wanted to confirm it." Driving with an expired registration sticker is a traffic violation. TEX. TRANSP. CODE ANN. § 502.407; *Taylor v. State*, 410 S.W.3d 520, 528 (Tex. App.—Amarillo 2013, no pet.). As previously noted, police officers are justified in stopping a vehicle when the officers have reasonable suspicion to believe that a traffic violation has occurred. *Lerma*, 543 S.W.3d at 190. Because Deputy Johnson had reasonable suspicion to believe a traffic violation had occurred, he was justified in stopping Galindo's vehicle. Galindo's first issue is overruled.

In his second issue, Galindo contends the trial court erred in denying his motion to suppress because Deputy Drozd unlawfully searched his vehicle when he stuck his head inside the vehicle

through the open driver's side window. First, the testimony and videotape are unclear as to whether Deputy Drozd initially observed the marijuana in plain view before he stuck his head inside the vehicle. The videotape shows Deputy Drozd initially approaching the passenger side of the vehicle and looking inside the vehicle through the closed passenger side window and windshield. The videotape then shows Deputy Drozd approaching Deputy Johnson before Deputy Johnson re-approaches the vehicle and asks Galindo to exit. Therefore, the trial court could have inferred from the videotape that Deputy Drozd initially observed the marijuana through the passenger side of the vehicle. Even if we assume Deputy Drozd unlawfully searched Galindo's vehicle when he stuck his head inside the vehicle, Deputy Johnson independently observed the marijuana in plain view when he looked through the front windshield of Galindo's vehicle. Deputy Johnson already had raised suspicions regarding Galindo based on the manner in which he pulled off the road, his nervous nature, his statement that he pulled over because he knew Deputy Johnson was going to stop him, and Deputy Johnson's observation of Galindo reaching under the front passenger seat. Furthermore, at the same time the videotape shows Deputy Drozd sticking his head inside the vehicle, Deputy Johnson asks Galindo if there is anything in the vehicle he needed to know about based on his observation of Galindo's actions and the statements Deputy Drozd previously made to Deputy Johnson. Accordingly, Deputy Johnson lawfully obtained the evidence in question separate and apart from any possible illegal conduct by Deputy Drozd. *See Wehrenberg*, 416 S.W.3d at 465. Galindo's second issue is overruled.

In his final issue, Galindo contends the continued detention of his vehicle for twenty-seven minutes was unreasonable. The videotape of the stop, however, supports the trial court's finding that Deputy Johnson did not prolong the traffic stop beyond what was reasonably required. Instead, Deputy Johnson was actively working on writing the traffic citation and running Galindo's license, address, and VIN number through dispatch during the entire length of the traffic stop.

Although Galindo provided Deputy Johnson with a driver's license, Deputy Johnson testified he had to check for insurance. Deputy Johnson also testified Galindo could not remember his address. Deputy Johnson testified the address was necessary because the address is needed in the event the person does not show up in court. Deputy Johnson testified Deputy Drozd told him that he saw the marijuana while Deputy Johnson was still in the course of writing the citation, and Deputy Johnson observed the marijuana in plain view before he issued the traffic citation. Accordingly, Galindo's third issue is overruled.

## CONCLUSION

The trial court's judgments are affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH